[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: POST VERDICT MOTIONS (231.00, 232.00)
The plaintiff National Publishing Company (National), brought a breach of contract action against Hartford Fire Insurance Company (Hartford) for failure to pay under certain insurance coverages provided in a business insurance policy issued by Hartford to National. Hartford denied it had breached the terms of the policy and asserted certain special defenses, including one of fraud.
Following a three week trial, a jury returned a verdict for the National in the amount of $1,338,848.16. The jury also answered interrogatories by stating that (1) it had found that National had proven its claims qualified for insurance proceeds under the three coverages for which plaintiff had made claims (Business Income, Extra Expense and Employee Dishonesty) (2) that Hartford had not proven that National had intentionally concealed or misrepresented a material fact and (3) that National had proven its compliance with the terms of the policy requiring inter alia cooperation and the provision of statements of loss and inventories.
Hartford has filed a motion for judgment notwithstanding the verdict and a motion to set aside the verdict. The standard of review of a motion to set aside a verdict has recently been reiterated by our Appellate Court.
"A court is empowered to set aside a jury verdict when, in the court's opinion, the verdict is contrary to the law or unsupported by the evidence. . . . A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached it conclusion. . . . Before determining whether the granting of motion to set aside is proper, the trial court must look at the relevant law that it gave the jury to apply to the CT Page 12690 facts, and at the facts that the jury could have found based on the evidence. The law and evidence necessarily define the scope of the trial court's legal discretion. . . . This discretion vested in the trial court is not an arbitrary or capricious discretion, but, rather, it is legal discretion to be exercised within the boundaries of settled law. . . . This limitation on a trial court's discretion results from the constitutional right of litigants to have issues of fact determined by. . . . The trial court, upon a motion to set aside the verdict, is called on to question whether there is a legal reason for the verdict and, if there is not, the court must set aside the verdict. . . .
Carusillo v. Associated Woman's Health Specialists, P.C., 72 Conn. App. 75,83 (2002). [quoting from Downes-Patterson Corp v. First NationalSupermarkets Inc, 64 Conn. App. 417, cert granted on other grounds258 Conn. 917 (2001) (appeal dismissed June 25, 2002)] In determining a motion to set aside the court must view the evidence in the trial in the light most favorable to sustaining the jury verdict. Gaudio v. GriffinHealth Services, 249 Conn. 523, 534 (1998). Both plaintiffs and defendants have a right to a jury trial, and a decision to set aside a jury verdict can implicate that right.
The trial involved the presentation by the plaintiffs of a large number of claims for reimbursement under the policy. Some claims were for a few dollars apiece; others were for a hundred thousand dollars or more. At issue was the policy itself which contained a myriad of insurance coverages, exclusions, exceptions and conditions. In order to assist in wading through the lengthy, and often confusing, testimony and the numerous exhibits and focus on the complex claims and defenses, the court permitted the jurors to take and refer to notes. The court also provided the jury with a written copy of its jury charge and instructions which made numerous references to the policy provisions and located them within the policy by page number. Additionally, the court admitted certain spread sheets setting forth the plaintiffs claims as an exhibit. As carefully noted in the charge this exhibit "is not evidence by itself that these expenses were incurred, or are payable under the policy. That exhibit was admitted for the sole purpose of illustrating [National's] claims and focusing the testimony." Hartford claims that the exhibit should not have been sent to the jury. National contends the exhibit is substantive evidence in support of the claims. Neither party is correct, and the court sees no evidence that the jury did anything other than what it was instructed to do in the charge. CT Page 12691
The major thrust of Hartford's motions is its contention that there was insufficient evidence to support the jury's verdict. This claim must be reviewed in the light of the jury's verdict and interrogatory answers. Having found that National's claims for insurance proceeds qualified under the policy's Business Income coverage, the jury concluded that National had proven clainis for $414,317.48 which was $35,172.61 less than claimed by National. The National claim consisted of about 250 items of purported operating expense incurred while the major part, if not all, of its business was allegedly shut down. The vast bulk of these individual items were less than $10,000.00. One claimed item was in the amount of $100,000.00 for damage resulting from unauthorized alterations at National's offices. The plaintiffs witness von Brauchitsch testified that this was not a continuing operating expense and should not have been claimed as an item under the Business Income coverage. In addition, National's Business Income loss claim included $138,533.79 of expired computer lease expenses. The testimony of von Brauchitsch was that unlike other claimed expenses National never actually incurred these expenses. In both cases there was no other evidence to support these claimed expenses. Since both of these items were larger than the amount the jury found not proven, these items were clearly not deducted by the jury. The court concludes that the evidence supported an amount for operating expenses that was $238,533.79 less than the $414,317.48 found by the jury, or $175,783.69.
The Business Income coverage under the Hartford policy provided for payments to National under certain circumstances. Business Income was defined as net income or loss (before taxes) that would have been earned, plus continued normal operating expenses. The court finds that there was no evidence presented that National would have made a profit. Therefore, looking at the evidence most favorable to National, the jury would have been entitled to find that National would have broken even. Again, looking at the matter in the light most favorable to sustaining the jury verdict, the court determines the maximum amount which was sustainable by the evidence under the Business Income coverage, taking into account the reduced amount of operating expenses, was $175,783.69.
Under the Extra Expense coverage of the policy, National claimed the amount of $1,374,116.04. The jury returned a verdict which found that National could recover $914,530.68 under this coverage. The court determines that the jury properly denied National's claims for which there was insufficient or no evidence, and there is sufficient evidence to support this portion of the verdict.
The jury also awarded the full amount of proceeds available under the CT Page 12692 Employee Dishonesty coverage — $10,000.00. Hartford contends that two of the persons alleged to have committed the dishonest acts were "consultants" to, not "employees" of, National. The court concludes that these two, Clarke and Richmond, acted like, held themselves out as, and held company titles usually reserved for, employees, and the jury could reasonably have made that determination. In addition, as National points out, there was evidence of other employees' dishonesty that was sufficient to support the jury's determination.
The court has considered all the other arguments presented in Hartford's motions and finds them insufficient to support disturbing the jury verdict, except as set forth above.
 Conclusion
The court orders a remittitur in the amount of $238,533.79, reducing the verdict to $1,100,314.37. Pursuant to General Statutes § 52-228b, the plaintiff shall have thirty days to accept the remittitur by filing an appropriate writing with clerk. Absent acceptance by the plaintiff, the court will order a new trial.
ADAMS, J. CT Page 12693